DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Lonnie Blue has appealed from judgment of the Summit County Court of Common Pleas where a jury found Appellant guilty of rape and gross sexual imposition. This Court affirms.
 I {¶ 2} Appellant met the victim (hereinafter "SC") on or about October 17, 2005. SC, who had run away from home the previous day, approached Appellant and asked him for money. This encounter led to Appellant offering SC a place to stay; first taking her to his aunt's house, then to a friend's house in Akron. *Page 2 
Although SC was only twelve years old at the time of these events, Appellant stated that he believed her to be at least eighteen.
 {¶ 3} As SC prepared for bed at Appellant's friend's house, Appellant entered the room and began to fondle her. At trial, Appellant claimed that a heart condition caused him exhaustion and prevented him from concluding intercourse with SC during this encounter. SC, however, testified that Appellant was able to partially insert his penis into her anus. Additionally, BCI was able to identify Appellant as the source of semen found on the underwear worn by SC at that time.
 {¶ 4} On June 21, 2006, a jury found Appellant guilty of one count of rape pursuant to R.C. 2907.02(A)(1)(b) and one count of gross sexual imposition pursuant to R.C. 2907.05(A)(4). Appellant was sentenced to a total of seven years in prison. Appellant has timely appealed his sentence, raising four assignments of error for review. For ease of analysis, assignments one, two, and four will be combined.
 II Assignment of Error Number One "THE CONVICTION OF THE APPELLANT FOR THE CHARGE OF RAPE IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED."
 Assignment of Error Number Two "THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF CRIMINAL RULE 29; SPECIFICALLY, THERE WAS NOT SUFFICIENT *Page 3 
EVIDENCE TO PROVE THE OFFENSE OF RAPE BEYOND A REASONABLE DOUBT."
 Assignment of Error Number Four "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF CRIMINAL RULE 29(A), ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL."
 {¶ 5} In these assignments of error, Appellant has argued that the State produced insufficient evidence to support his convictions and that his convictions were against the manifest weight of the evidence. This Court disagrees.
 {¶ 6} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a *Page 4 
reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 7} In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 8} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence *Page 5 
weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 9} The jury convicted Appellant on one count of rape, in violation of R.C. 2907.02(A)(1)(b), which provides:
 "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies: * * * The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
R.C. 2907.01(A) defines sexual conduct as follows:
 "`Sexual conduct' means vaginal intercourse between a male and a female; anal intercourse * * * between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body * * * into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 10} During trial, SC testified that when Appellant came into the bedroom and touched her she told him to stop. She further testified that Appellant pushed her pants down and tried to penetrate her anally, that it hurt, and that he was unable to fully penetrate her. The prosecution presented the testimony of Michael Joyner, a detective in Akron's Crimes Against Children Unit, who stated that SC's testimony matched the description of the events that she relayed to Detective Joyner at the start of his investigation. Detective Joyner also interviewed Appellant during his investigation. Joyner told the jurors that Appellant admitted to attempting to penetrate SC anally, but that Appellant claimed his penis would *Page 6 
not penetrate into her anus. Lastly, the DNA evidence identified Appellant as the source of semen on SC's underwear.
 {¶ 11} During direct examination, Appellant acknowledged that he took SC to his friend's house for the purpose of having sex. He stated that he exposed his penis, rubbed against SC, and that "she sat on the bed and I'm in between her legs and stuff" He went on to testify that SC turned around so that she was "in a doggie-style position and I'm behind her, but I had — I went — that was just like for a second." Although Appellant has claimed that he became too excited, suffered chest pains, and was unable to have intercourse with SC, the facts are such that the jury could reasonably have inferred that slight anal penetration occurred.
 {¶ 12} Nevertheless, Appellant has argued that the jury lost its way in crediting SC's testimony. The record indicates that SC reported two other men for raping her immediately after her encounter with Appellant, but did not report Appellant for another four months. While on the stand, SC admitted to exaggerating in her description of the other rapes because her attackers "deserved to go to jail." Appellant has pointed to SC's fabrications and reporting delay as evidence that SC was an unreliable witness.
 {¶ 13} While SC no doubt presented flawed testimony, the jury was entitled to believe her version of the events over Appellant's version. The jury was in the best position to evaluate the credibility of the witnesses and give proper weight to their testimony. See State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of *Page 7 
the syllabus. Based on the totality of the evidence, the jury reasonably could have found that Appellant raped SC.
 {¶ 14} Based upon the above review, the Court cannot conclude that the jury clearly lost its way or created a manifest miscarriage of justice when it concluded that Appellant raped SC. Otten, 33 Ohio App.3d at 340. Furthermore, this Court is not persuaded that the evidence weighs heavily against Appellant's conviction. Id. Accordingly, this Court concludes that Appellant's conviction was not against the manifest weight of the evidence.
 {¶ 15} Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. SeeRoberts, supra, at *2. Appellant's assignments of error lack merit.
 Assignment of Error Number Three "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 16} In his third assignment of error, Appellant has argued that he did not receive effective assistance of counsel at trial. Appellant has alleged that counsel failed to present corroborating evidence as to Appellant's heart condition, to file certain motions, to object at various stages of the litigation, and to visit Appellant in jail. According to Appellant, the cumulative effect of these actions deprived him of a meaningful right to counsel. Appellant has argued that he would have *Page 8 
been acquitted if not for counsel's flawed performance. The Court finds that Appellant's third assignment of error is without merit.
 {¶ 17} The Sixth Amendment of the United States Constitution guarantees a criminal defendant the effective assistance of counsel.McMann v. Richardson (1970), 397 U.S. 759, 771. In reviewing an ineffective assistance claim, the Court employs a two-step process:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687.
In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. Appellant bears the burden of proof and must show that "`counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 466 U.S. at 687. The Court need not address both prongs of the Strickland test if Appellant fails to prove either one. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10.
 {¶ 18} The record does not support Appellant's assertion that the result of his trial would have been different but for counsel's errors. Appellant has claimed *Page 9 
that his counsel should have presented additional evidence as to his heart condition, but he has failed to indicate what that evidence might have shown. Appellant has merely speculated that his counsel might have been able to produce some possibly helpful medical evidence which the jury might have found persuasive. Similarly, Appellant has speculated that his counsel could have successfully objected at various times "to deficiencies in the Indictment and other specifics of an inadequate defense." Yet, Appellant has not identified any particular objections that counsel might have made, or how those objections might have affected the verdict. Such speculation is not sufficient to prove that Appellant was denied effective assistance of counsel. See State v.Chisolm, 2006-Ohio-5051, at ¶ 19.
 {¶ 19} Next, Appellant has faulted his counsel for his failure to file a motion to suppress. During a taped interview between Detective Joyner and Appellant, Appellant answered questions about SC's accusations of rape and gave his version of the events. Appellant contends that his trial counsel should have moved to suppress the taped interview because Joyner's questioning had Fifth Amendment implications. Even if Appellant's counsel should have sought to suppress the tape of Appellant's interview, however, Appellant has failed to show any prejudice resulting from the tape's admission. Appellant took the stand during trial and benefited from explaining several portions of the recorded interview. The State attempted to impeach Appellant with the taped interview a few times, but *Page 10 
mainly used Appellant's direct testimony to cross examine him. When viewing the evidence collectively, the tape constituted only one piece of the State's case. The State presented live testimony from the victim and DNA evidence. The jury also was able to hear Appellant's own live testimony. Even without the tape, there was evidence of guilt from which the jury could find Appellant guilty beyond a reasonable doubt. Therefore, Appellant has not demonstrated "a real probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 {¶ 20} Lastly, Appellant has argued that he was denied effective assistance because his counsel did not visit him in jail. Appellant has failed to show that the asserted lack of contact deprived counsel of information needed to properly defend the matter. Appellant had not shown prejudice and offers mere speculation. See Chisolm, at ¶ 19. Therefore, Appellant's last argument fails.
 {¶ 21} Based on the record and Appellant's allegations, the Court finds that Appellant has not proven his claim of ineffective assistance of counsel. Because Appellant has failed to sustain his burden, his third assignment of error is overruled.
 III {¶ 22} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 11 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
DICKINSON, J. REECE, J. CONCUR
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1