[Cite as *State v. Clark*, 2021-Ohio-3397.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 20CA0020-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS B. CLARK | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16CR0734 |

DECISION AND JOURNAL ENTRY

Dated: September 27, 2021

CARR, Judge.

{¶1} Defendant-Appellant Thomas B. Clark appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court previously detailed much of the history of the case in the prior appeal:

In December 2016, Clark was charged in a 30-count indictment with multiple counts of rape and gross sexual imposition involving a minor. The indictment included a sexually violent predator specification. The matter proceeded to a change of plea hearing, at which Clark was represented by counsel. Clark pleaded guilty to 3 counts of rape and 10 counts of gross sexual imposition. The remaining 2 counts of rape, 15 counts of gross sexual imposition, and the sexually violent predator specification were dismissed. A presentence investigation report was ordered, which is not a part of this Court's record.

Following Clark's plea, his counsel filed a motion to withdraw. The trial court granted the motion at a hearing and appointed Clark new counsel. Thereafter, Clark, despite being represented by counsel, began to file several pro se motions, including one seeking to withdraw his plea and one seeking to represent himself. At a hearing, the trial court told Clark that he could not be both represented by counsel and represent himself. The trial court asked Clark to clarify what he wanted to do. Clark indicated that he did not want his attorney to represent him. The trial court then told Clark that it would make a determination between then

and the time of the next hearing as to whether Clark could represent himself and noted that the trial court would have "go through a pretty long discussion" with Clark about it before the trial court could allow it. In the interim, the trial court appointed the attorney who had been representing Clark as his standby counsel.

At the beginning of the next hearing, the trial court noted that it had had a conversation with Clark about his right to counsel and Clark decided to proceed pro se. Clark confirmed that that was his decision. A hearing was then held on Clark's motion to withdraw his plea and briefs were also filed on this matter. Ultimately, the trial court denied Clark's motion to withdraw his plea.

Prior to sentencing, Clark filed a motion for the appointment of counsel, which the trial court granted. The trial court sentenced Clark to a term of 25 years to life in prison on each count of rape and 36 months in prison on each count of gross sexual imposition; the terms were ordered to run concurrently to each other.

*State v. Clark*, 9th Dist. Medina No. 17CA0066-M, 2018-Ohio-3932, ¶ 2-5.

{¶3} Clark appealed, raising four assignments of error for our review. *Id.* at ¶ 6. In his second assignment of error, Clark argued that the trial court failed to obtain a voluntary, knowing, and intelligent waiver of counsel from Clark. *Id.* at ¶ 7. We sustained that assignment of error, did not reach the merits of his other arguments, and remanded the matter to the trial court for proceedings consistent with the opinion. *Id.* at ¶ 17.

{¶4} Upon remand, the trial judge recused himself and the matter was reassigned to a different judge. A status conference was held in October 2018. Clark's counsel asserted that this Court's remand resulted in the vacation of not only Clark's sentence but also his plea. The State argued that this Court only vacated Clark's sentence and that Clark's guilty plea remained intact. The trial court stated on the record that it believed that this Court vacated only the sentence.

{¶5} Thereafter, Clark, through counsel, filed a motion to enforce this Court's ruling, which Clark maintained required that the matter be set for trial. At a status conference on October 25, 2018, Clark brought up his motion to enforce this Court's ruling. The trial court overruled the motion at the hearing but did not issue an entry stating the same.

{¶6} In November 2018, Clark's counsel filed a motion to withdraw as Clark's counsel, which was granted. Another attorney was then appointed to represent Clark. At a status conference in March 2019, Clark's counsel requested a stay in the proceedings while Clark's filing seeking a writ of habeas corpus in this Court was being heard. The trial court granted the motion. After this Court denied the writ in December 2019, a status hearing was conducted. Clark orally moved the trial court to dismiss the charges and vacate his sentence based upon Crim.R. 32 and R.C. 2945.71. Thereafter, Clark filed a written motion arguing that the trial court was divested of jurisdiction to sentence Clark based upon Crim.R. 32(A) and Sup.R. 39(B)(4). In addition, Clark alleged that his statutory right to a speedy trial was violated and that the trial court failed to timely dispose of his motion to enforce this Court's decision via a written entry.

{¶7} In January 2020, the trial court held a hearing on Clark's motion to dismiss and preclude sentence. After the trial court orally denied the motion at the hearing, Clark moved to withdraw his motion to withdraw his plea, which the trial court viewed as outstanding in light of this Court's actions in Clark's appeal. In February 2020, the trial court sentenced Clark to an indefinite term of 25 years to life in prison on the 3 rape counts and 36 months in prison on each of the gross sexual imposition counts. The trial court ordered all counts to be served concurrently.

{¶8} Clark has appealed, raising six assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

APPELLANT, THOMAS CLARK, DID NOT ENTER HIS GUILTY PLEA KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY BECAUSE THE TRIAL COURT FAILED TO PROPERLY INFORM HIM OF THE MAXIMUM AND CORRECT PENALTIES AS REQUIRED BY CRIM.R. 11(C)(2)(A).

{¶9}    Clark argues in his first assignment of error that he did not enter his guilty plea knowingly, intelligently, or voluntarily.  He maintains that the trial court failed to inform him of the maximum penalties for the dismissed charges as well as the ones to which he was pleading guilty.  Specifically, Clark asserts that the trial court should have informed him of the penalties for the sexually violent predator specification.  In so doing, we note that Clark has failed to articulate what precisely he believes the penalty was.

{¶10}  Pursuant to Crim.R. 11(C)(2)(a),

[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * *

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶11}  Recently, in *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, the Supreme Court clarified how appellate courts are to review a plea to determine if the plea was knowing, intelligent and voluntary.  Generally, "[w]hen a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Id.* at ¶ 13.  However, with respect to reviewing a plea, there are two exceptions to this rule. *Id.* at ¶ 16.  "When a trial court fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14.  In addition, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis in original.) *Dangler* at ¶ 15.  "Aside from these two exceptions, the traditional rule continues to apply:  a defendant is not entitled to have his plea

vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16. "The test for prejudice is whether the plea would have otherwise been made." (Internal quotations and citation omitted.) *Id.*

{¶12} Here, Clark is mistaken in his premise. His complaint is that the trial court failed to inform him of the penalty for the sexually violent predator specification. However, conditioned upon Clark entering the plea, the State moved to amend the indictment to dismiss 2 counts of rape, several counts of gross sexual imposition, and the sexually violent predator specification. The trial court granted that motion. Accordingly, Clark was not pleading guilty to the specification. Clark has not pointed to any authority requiring a trial court to inform a defendant of a specification that would be dismissed upon acceptance of a defendant's plea. Moreover, there is law that supports the opposite conclusion. *See State v. Rogenski*, 7th Dist. Columbiana No. 18 CO 0019, 2020-Ohio-1360, ¶ 30 ("Appellant insinuates she should have been advised of the maximum penalties for the charges being dismissed. This insinuation is meritless. It is the offenses to which Appellant is pleading that are relevant."). Accordingly, and in light of Clark's limited argument on appeal, Clark has not demonstrated that his plea was not knowing, intelligent, and voluntary.

{¶13} Clark's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN OVERRULING APPELLANT, THOMAS CLARK['S] MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING.

{¶14} Clark asserts in his second assignment of error that the trial court erred in overruling his motion to withdraw his guilty plea.

{¶15} Clark is challenging the trial court's 2017, pre-appeal, denial of his motion to withdraw his guilty plea. However, following the appeal, the trial court determined that this Court's decision resulted in Clark being "before the Court having plead[ed] guilty and with a pending motion to withdraw [his] plea which he has styled as 'Motion for Change of Plea.'" The only motion to withdraw a plea filed in this matter was the one filed by Clark prior to his appeal. Accordingly, it appears that the trial court concluded that this Court's decision resulted in Clark's motion to withdraw his plea, which was ruled on prior to the appeal, to again be pending. In this appeal, Clark has not challenged the trial court's determinations concerning the nature of this Court's remand. Thus, to the extent there may have been error in the original trial judge's denial of Clark's motion in 2017, following the appeal, the trial court determined that that motion was again pending. Clark has not explained how any error in the prior denial would not have been rendered moot or harmless by the trial court's actions following the remand.

{¶16} At a hearing on January 24, 2020, Clark, through counsel, withdrew the pending motion to withdraw his plea. Clark now seems to argue on appeal that the trial court, despite his withdrawal of his motion to withdraw his plea, should have nevertheless considered the merits of his claim. Clark has cited no authority in support. Essentially, Clark is arguing the trial court committed plain error when it failed consider the motion to withdraw that Clark withdrew. However, Clark has not developed a plain error argument and this Court declines to create one for him. *State v. Straughan*, 9th Dist. Summit No. 29549, 2021-Ohio-1054, ¶ 57.

{¶17} Clark's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY ORDERING CONSECUTIVE SENTENCES
FOR SEPARATE COUNTS BECAUSE THE TRIAL COURT FAILED TO
MAKE A PROPER DETERMINATION AS TO WHETHER THE OFFENSES

ARE ALLIED OFFENSES PURSUANT TO R.C. 2941.25 AND ARE PART OF THE SAME TRANSACTION UNDER [R.C.] 2929.14.

{¶18} Clark argues in his third assignment of error that the trial court erred in ordering consecutive sentences because the trial court failed to consider whether the offenses are allied.

{¶19} First, we note that the trial court ordered all of the sentences to run concurrently, not consecutively as Clark suggests in his assignment of error. Second, Clark did not object at the sentencing hearing to the trial court's failure to consider whether the offenses are allied. The Supreme Court has stated that, "[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. "Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

{¶20} Here, on appeal, Clark has not developed a plain error argument. This Court will not develop one for him as it is his burden on appeal to demonstrate "a reasonable probability" that his convictions are in fact for allied offenses. *See id.*

{¶21} Clark's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

APPELLANT, THOMAS CLARK, WAS DENIED HIS RIGHT TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS [TO] THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF

OHIO CONSTITUTION BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.

{¶22} Clark argues in his fourth assignment of error that his trial attorneys provided ineffective assistance.

{¶23} In order to prevail on a claim of ineffective assistance of counsel, Clark must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* at 686. Thus, a two-prong test is necessary to examine such claims. First, Clark must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, "[i]n the context of a guilty plea, [Clark] must demonstrate that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. Medina No. 09CA0049-M, 2010-Ohio-3545, ¶ 4. This Court need not address both prongs of the *Strickland* test if the appellant fails to satisfy either prong. *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

### Pre-Appeal Trial Counsel

{¶24} In support of his argument that his pre-appeal trial counsel ("former counsel") was ineffective, Clark points to a lack of jail visits, the failure to file a motion to suppress, and the failure to consult Clark concerning continuances. As to the latter two points, Clark has developed no argument in support of those claims, and we disregard them on that basis.

{¶25} First, we note that, "[w]here an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand." *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995); *see also In re S.J.*, 9th Dist. Summit No. 23199, 2006-Ohio-6381, ¶ 13-15. As all of the facts and evidence that Clark relies on were part of the record prior to Clark's previous appeal, Clark could have raised this issue in his initial appeal. However, even if we were to consider the merits of his argument, we would conclude it was without merit.

{¶26} With respect to the lack of jail visits, Clark points to the evidence he submitted at the hearing on his 2017 motion to withdraw his guilty plea. At that hearing, Clark called former counsel to testify as well as Sergeant Martin Nuckols, who compiled records from the jail. The records indicate that former counsel visited the jail over a dozen times between December 2016 and April 19, 2017. However, the records also reflect that Clark left his jail cell for an attorney visit only on December 19, 2016, March 19, 2017, and April 11, 2017. March 19, 2017 was the day before Clark pleaded guilty.

{¶27} Former counsel could not recall when he visited Clark in jail or when he told him about the plea agreement. Former counsel testified that he would not always sign in on the jail visitation log and that he may have discussed some matters with Clark over the phone. Former counsel indicated that he discussed the penalties with Clark as early as his first jail visit on December 9, 2016. Former counsel further stated that Clark confessed three different times to three different people and that, generally speaking, it was Clark's wish to plead and not go to trial in the case. Clark never asked former counsel to request a continuance from the trial court so he could further think about his plea.

{¶28} Clark maintains that he was prejudiced by former counsel's lack of jail visits and absent the deficient performance would not have pleaded guilty. In support of his argument, Clark asserts that he was improperly advised of the maximum and correct penalties as required by Crim.R. 11(C)(2)(a). Presumably, Clark is again referencing his argument that Clark was not informed at his plea hearing of the penalties for the dismissed sexually violent predator specification. Again, Clark has not pointed to any authority supporting the notion that he was required to be informed of the penalties for charges to which he was not pleading guilty.

{¶29} Even assuming that former counsel's performance was deficient, Clark has not demonstrated that he was prejudiced by any lack of jail visits by former counsel. If Clark had gone to trial and been convicted of all of the charges and the sexually violent predator specification, Clark was faced with serving a term of life imprisonment without the possibility of parole. *See* former R.C. 2971.03(A)(2). Because of former counsel's efforts, Clark, who the record indicates had confessed three times to three different people, was able to plead guilty to a reduced number of charges and was sentenced to a term that provides him the possibility of being released on parole. Thus, Clark's plea was not without advantages. Overall, Clark's statement that he would not have pleaded guilty if former counsel had visited him more frequently in jail is essentially speculative. *See State v. Blue*, 9th Dist. Summit No. 23346, 2007-Ohio-4280, ¶ 20 ("Appellant has failed to show that the asserted lack of contact deprived counsel of information needed to properly defend the matter. Appellant had not shown prejudice and offers mere speculation."). Based on all of the foregoing, we reject Clark's argument.

**Post-Appeal Trial Counsel**

{¶30} Clark additionally asserts that his post-appeal trial counsel was ineffective. He maintains that post-appeal trial counsel was not sufficiently knowledgeable, made incoherent

arguments, withdrew Clark's motion to withdraw his plea without consulting Clark, and failed to argue that Clark's offenses are allied offenses.

{¶31}  Clark points to post-appeal trial counsel's request for co-counsel as evidence that post-appeal trial counsel was deficient.  Post-appeal trial counsel did request additional counsel at the time Clark's motions were denied.  Post-appeal trial counsel indicated that, given his limited participation in appeals, he would request the trial court to "appoint an additional individual to give [him] potentially information and options in regards to appeals in the Court of Appeals."  The trial court understood post-appeal trial counsel's request as one for co-counsel for the possible appeal, not for the trial court proceedings.  The trial court told post-appeal trial counsel that it was the trial court's practice to not appoint trial counsel for the appeal, and, instead, to appoint new counsel.  In response, post-appeal trial counsel stated that he thought that was "excellent."  Given the foregoing, we fail to see how post-appeal trial counsel's request was related to his performance in the trial court proceedings.

{¶32}  Clark additionally argues that some of post-appeal trial counsel's arguments were incoherent.  This Court has reviewed the passage cited by Clark, and when read in context, and when considered along with the motion and proceedings referenced by post-appeal trial counsel prior to the cited passage, we cannot say that Clark has demonstrated that post-appeal trial counsel's argument was incoherent.

{¶33}  Clark next speculates that post-appeal trial counsel withdrew Clark's motion to withdraw his plea without consulting Clark.  However, speculation is not sufficient to demonstrate Clark was denied the effective assistance of counsel.  *See Blue*, 2007-Ohio-4280, at ¶ 18, 20.

{¶34} Finally, Clark argues that trial counsel was ineffective in failing to argue that Clark's offenses are allied. However, Clark has not demonstrated on appeal that the offenses were in fact allied. Thus, Clark has not demonstrated that he was prejudiced by any deficiency in post-appeal trial counsel's performance.

{¶35} Clark's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED BY FAILING TO DISPOSE OF APPELLANT'S, THOMAS CLARK['], PENDING MOTIONS (MOTION TO ENFORCE THE COURT OF APPEALS DECISION AND SET THE MATTER FOR TRIAL; MOTION TO WITHDRAW PLEA) IN A REASONABLE AMOUNT OF TIME.

{¶36} Clark argues in his fifth assignment of error that the trial court failed to dispose of Clark's motion to enforce this Court's prior decision and the motion to withdraw his plea in a reasonable amount of time. In so doing, Clark references cases related to speedy trial for the proposition that the tolling of time is limited to a reasonable amount of time to dispose of pending motions. However, Clark has not argued or demonstrated on appeal that he was denied his right to a speedy trial. Further, by pleading guilty, Clark waived the right to raise the statutory right to speedy trial on appeal. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 172 (1986). To the extent that Clark's argument can be read to relate to an issue other than speedy trial, we see nothing in the record that demonstrates that any error would be anything other than harmless. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.").

{¶37} Clark's fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED BY FAILING TO SENTENCE APPELLANT, THOMAS CLARK, WITHOUT UNREASONABLE DELAY PURSUANT TO CRIM.R. 32(A), THUS INVALIDATING ANY SENTENCE.

**{¶38}** Clark argues in his sixth assignment of error that the trial court violated Crim.R. 32(A) and Sup.R. 39(B)(4) by failing to sentence him without unreasonable delay. We note that Clark again points to speedy trial law even though we are unsure how it would apply in Clark's case, especially when, as outlined above, Clark has waived any challenge based upon his statutory right to a speedy trial by pleading guilty. *See Montpelier*, 25 Ohio St.3d at 172.

**{¶39}** Crim.R. 32(A) provides, in relevant part, that "[s]entence shall be imposed without unnecessary delay." Sup.R. 39(B)(4) states that "[p]rovided the defendant in a criminal case is available, the court shall impose sentence or hold a sentencing hearing with all parties present within fifteen days of the verdict or finding of guilt or receipt of a completed pre-sentence investigation report. Any failure to meet this time standard shall be reported to the administrative judge, who shall take the necessary corrective action." However, "[c]ourts have interpreted the Rules of Superintendence as general guidelines for the conduct of the courts that do not create substantive rights. They are purely internal housekeeping rules that create no rights in individual defendants." (Internal quotations and citations omitted.) *State v. Klayman,* 4th Dist. Hocking No. 17CA13, 2018-Ohio-3580, ¶ 17; *S.C. v. T.H.*, 9th Dist. Summit No. 29594, 2020-Ohio-2698, ¶ 5.

**{¶40}** Here, Clark appears to challenge the delay between his March 2017 plea and the September 8, 2017 sentence. However, the trial court interpreted this Court's decision in Clark's prior appeal to result in the vacation of Clark's 2017 sentence. Clark has not challenged that determination on appeal. Given the vacation of Clark's 2017 sentence, Clark has not explained why or how any delay, even if we were to assume it was unreasonable, can be addressed at this stage of the proceedings. Importantly, Clark did not raise this issue in his prior appeal. "Where an argument could have been raised on an initial appeal, res judicata dictates that it is

inappropriate to consider that same argument on a second appeal following remand." *D'Ambrosio*, 73 Ohio St.3d at 143; *see also In re S.J.*, 2006-Ohio-6381, at ¶ 13-15. To the extent Clark mentions post-appeal sentencing delay, he does so only in his reply brief. Pursuant to Loc.R. 7(D), "[r]eply briefs shall be restricted to matters in rebuttal of the appellee's brief. Proper rebuttal is confined to new matters in the appellee's brief." As Clark's argument concerning post-appeal sentencing delay is not proper rebuttal, it will not be considered.

{¶41} Given Clark's limited arguments on appeal, we overrule his sixth assignment of error.

### III.

{¶42} Clark's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.